IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VICTORIA ARRODONDO and
ABELINO LOPEZ,

     Plaintiffs *pro se*,

v.                              Civ. No. 20-1277 MV/GBW

LEPRINO FOODS CO.,

     Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the undersigned pursuant to Judge Vázquez's order of reference (*doc. 18*) on Defendant's Motion to Dismiss for Failure to State a Claim (*doc. 5*), Plaintiffs' Letter to Clerk/United States District Court (*doc. 9*), and Plaintiffs' Motion for Demand of License and Bond (*doc. 16*). Having reviewed the motions, the letter, and their attendant briefing (*docs. 12, 14, 17, 19*), and being fully advised in the premises, I RECOMMEND that the Court GRANT Defendant's motion to dismiss, DISMISS Plaintiffs' Complaint WITHOUT PREJUDICE, and PROVIDE Plaintiffs with leave to file an Amended Complaint within thirty (30) days after which the Court shall convert its dismissal to one with prejudice if no Amended Complaint is filed. I FURTHER RECOMMEND that the Court CONVERT Plaintiffs' letter (*doc. 9*) into a motion for remand and DENY it and Plaintiffs' motion for demand of license and bond.

## I.   BACKGROUND

On November 3, 2020, Plaintiffs sued Defendant in the Fifth Judicial District Court of Chaves County, New Mexico. *Doc. 1-2* at 4. In their Complaint, Ms. Arrodondo raises claims of wrongful termination and negligence and seeks $1,500,000 in damages. *Doc. 1-2* at 4. The sole facts alleged therein are that Ms. Arrodondo was injured in an accident at work and a green tub (that presumably caused her injury) was supposed to be inside a metal four-pronged stand and was not certified by the Occupational Safety and Health Administration. *Doc. 1-2* at 4. No allegations are made about Mr. Lopez or any injury he has sustained due to Defendant's acts or omissions.

On December 9, 2020, Defendant removed the Complaint to this Court. *Doc. 1*. On January 20, 2021, Plaintiffs mailed the Court a letter objecting to removal and asking the Court to explain who had authorized "the change of venue" from state court. *Doc. 9* at 2; *see also id.* at 1. On January 27, 2021, Defendant responded, arguing that, even if this letter were construed as a motion for remand, it was filed too late to contest defects in removal other than subject matter jurisdiction and failed to dispute the factual basis for this jurisdiction. *Doc. 12*. On February 2, 2021, Plaintiffs filed a notice of "fraud upon the court," alleging that Defendant's claim of diverse citizenship was false and asking the Court to remand the case back to state court. *Doc. 14*.

Meanwhile, on December 16, 2020, Defendant moved the Court to dismiss Plaintiffs' Complaint for failure to state a claim. *Doc. 5*. Briefing was complete on this

motion on December 30, 2020, when the deadline for Plaintiffs to respond passed

without them doing so.  *See* D.N.M.LR-Civ. 7.1(b), 7.4(a).

Finally, on February 10, 2021, Plaintiffs filed another notice of "fraud upon the

court."  *Doc. 16*.  Therein, they moved the Court to order Defendant's counsel to

provide them with a copy of counsel's bond and attorney licenses, protested the delays

in trying their case, and requested that any court proceedings occur in Chaves County.

*Id.* at 1–4.  Defendant responded on February 23, 2021, noting that proof of its counsel's

licensure is available online at the State Bar of New Mexico's Online Bar Directory and

requesting the Court to curb Plaintiffs' frivolous and vexatious filings.  *Doc. 17*.  On

March 12, 2021, Plaintiffs' filed their reply, *doc. 19*, completing briefing on their motion

for copies of Defendant's counsel's law licenses.

## II.   MOTION TO DISMISS

Plaintiffs' Complaint does not contain sufficient factual allegations to state a

claim for relief, even when construed liberally and held to a less stringent standard than

pleadings prepared by attorneys.  Therefore, the Court should DISMISS it WITHOUT

PREJUDICE with leave to file an Amended Complaint within thirty days and PROVIDE

that, if no such Amended Complaint is filed, its dismissal shall convert into one WITH

PREJUDICE.

A.  LEGAL STANDARD

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," but "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

> [T]his rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.

*Id.*

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Leverington v. City of Colorado Springs*, 643 F.3d 719, 723 (10th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  This standard does not require "detailed factual allegations," but does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  When applying the standard, the Court must "assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiffs." *Leverington*, 643 F.3d at 723 (quoting *Dias v. City & Cnty. of Denver*, 567 F.3d

1169, 1178 (10th Cir. 2009)).  However, the Court need not accept the truth of any legal conclusions.  *Iqbal*, 556 U.S. at 678.

"The plausibility standard is not akin to a 'probability requirement' but … [does] ask[] for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Twombly,* 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  A complaint need only to "raise a right to relief above the speculative level . . . on the assumption that all [its] allegations … are true (even if doubtful in fact)."  *Id*. at 555 (citations omitted).  However, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S at 557).

B.  ANALYSIS

The factual allegations in Plaintiffs' Complaint are insufficient to support either Ms. Arrodondo's claims for wrongful termination and negligence or any claim by Mr. Lopez.  "[T]o state a claim in federal court, a complaint must explain what each defendant did to [each plaintiff]; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiffs' Complaint does not contain the requisite explanation for any claim raised therein, particularly as to what Defendant did (or did not) do, when, where, and how Defendant did or did not do this, and what injuries Plaintiffs have sustained.

      1.  *Ms. Arrodondo's Wrongful Termination & Negligence Claims*

The factual allegations in the Complaint are too sparse to support Ms. Arrodondo's wrongful termination and negligence claims.  With respect to wrongful termination, the allegations are so scant that I cannot even ascertain what type of wrongful termination claim Ms. Arrodondo alleges.  "Employment without a definite term is presumed to be at will. … In an at-will employment relationship, both the employer and the employee have the right to terminate the employment relationship at any time and for any reason."  *Trujillo v. N. Rio Arriba Elec. Coop., Inc.*, 41 P.3d 333, 341 (N.M. 2001) (internal citations omitted).  New Mexico law recognizes two exceptions to this rule: (1) retaliatory discharge; and (2) an implied contract provision limiting the employer's authority to discharge.  *Id.*  The former requires the employee to "(1) identify a specific expression of public policy which the discharge violated; (2) demonstrate that he or she acted in furtherance of the clearly mandated public policy; and (3) show that he or she was terminated as a result of those acts."  *Sherrill v. Farmers Ins. Exch.*, 374 P.3d 723, 727 (N.M. Ct. App. 2016).  New Mexico and federal law also bar certain forms of discrimination in at-will employment. *See, e.g.*, N.M. Stat. Ann. § 28-1-7(A) (barring terminating an employee based on race, age, religion, color, national

origin, ancestry, sex, sexual orientation, gender identity, pregnancy, childbirth, a

condition related to childbirth, a physical or mental handicap, or a serious medical

condition); 29 U.S.C. § 623(a)(1) (barring terminating an employee based on age); 42

U.S.C. § 2000e-2(a) (barring terminating an employee based on race, color, religion, sex

or national origin); 42 U.S.C. § 12112(a) (barring terminating an employee based on

certain disabilities).[1]  The single, conclusory allegation that Ms. Arrodondo was

wrongfully terminated is insufficient to state a claim for relief under any of these

theories of wrongful discharge.

Similarly, the factual allegations in the Complaint are too inadequate to support

Ms. Arrodondo's negligence claim.  A prima facie negligence claim has four elements:

(1) an injury to a plaintiff; (2) a duty owed from a defendant to that plaintiff; (3) the

defendant's breach of that duty based on a standard of reasonable care under the

circumstances; (4) the breach was a cause in fact and proximate cause of the plaintiff's

injury.  *Romero v. Giant Stop-N-Go of N.M., Inc.*, 212 P.3d 408, 410 (N.M. Ct. App. 2009).

The existence of a duty is a question for law for the Court to decide.  *Schear v. Bd. of*

*Cnty. Comm'rs of Bernalillo Cnty.*, 687 P.2d 728, 729 (N.M. 1984).  Arguably, the

Complaint establishes that Defendant owed Ms. Arrodondo a duty of reasonable care

---

[1] Some federal employment discrimination claims have administrative exhaustion requirements that must be satisfied before they can be raised in court.  *See, e.g.*, 42 U.S.C. § 2000e-5(f) (requiring an employee to bring a charge before the Equal Employment Opportunity Commission before raising a claim under 42 U.S.C. § 2000e-2(a) in court).

by implying that Defendant was her employer.  *See Requarth v. Brophy*, 801 P.2d 121, 123 (N.M. Ct. App. 1990).  It does not, however, establish that Defendant breached this duty or that any breach caused Ms. Arrodondo's injury.  It implies that, due to Defendant's failure to act, a green tub that was supposed to be inside a stand injured Ms. Arrodondo.  *See doc. 1-2* at 4.  This implication, though, is too conclusory to state a claim as it does not explain what Defendant (or one of its agents) failed to do or how the tub caused Ms. Arrodondo injury.

Defendant claims that Ms. Arrodondo's negligence claim also runs afoul of the New Mexico Workers' Compensation Act ("WCA").  This Act provides the exclusive remedy for injuries arising from a workplace accident if the employer satisfies certain preconditions (*e.g.*, employing three or more workers) and

A. at the time of the accident, the employer has complied with the [WCA's] provisions … regarding insurance;

B. at the time of the accident, the employee is performing service arising out of and in the course of his employment; and

C. the injury … is proximately caused by accident arising out of and in the course of his employment and is not intentionally self-inflicted.

N.M. Stat. Ann. § 52-1-9; *see also id.* §§ 52-1-2, 52-1-6(A), (E).  In lieu of suing in tort for a workplace accident, the WCA creates alternative procedures through which an employee may obtain compensation from her employer for injury arising from the accident.  *See, e.g., id.* § 52-1-29(A) (requiring the employee to submit a written notice to the employer within fifteen days of reasonably discovering the accident); *id.* § 52-1-

8

31(A) (requiring the employee to file a claim within one year of her employer or its

insurer failing or refusing to pay her any installment of workers' compensation after it

receives the requisite notice); *id.* § 52-5-5(A) (allowing either party to file a claim with

the Workers' Compensation Administration where a dispute about workers'

compensation arises); *id.* § 52-5-8 (providing that parties may appeal the

Administration's decision to the New Mexico Court of Appeals).

In providing these alternative procedures, the WCA represents "a bargain struck

between employers and employees." *Delgado v. Phelps Dodge Chino, Inc.*, 34 P.3d 1148,

1153 (N.M. 2001). "The injured worker receives compensation quickly, without having

to endure the rigors of litigation or prove fault on behalf of the employer." *Id.* at 1152;

*see also* N.M. Stat. Ann. § 52-1-28(A) (providing that a workers' compensation claim is

allowed "(1) when the worker has sustained an accidental injury arising out of and in

the course of his employment; (2) when the accident was reasonably incident to his

employment; and (3) when the disability is a natural and direct result of the accident").

"The employer, in exchange, is assured that a worker accidentally injured, even by the

employer's own negligence, will be limited to compensation under the Act and may not

pursue the unpredictable damages available outside its boundaries." *Delgado*, 34 P.3d at

1152.

The bargain, however, is limited to workplace accidents, i.e., "unlooked-for

mishap[s] or some untoward event[s] that [are] not expected or designed." *Id.* at 1153

(quoting *Cisneros v. Molycorp, Inc.*, 765 P.2d 761, 764 (N.M. Ct. App. 1988)).  It does not

extend to injuries willfully suffered or intentionally inflicted by an employee nor those

intentionally inflicted or willfully caused by an employer.  *Id.* at 1156; N.M. Stat. Ann. §

52-1-11.  An employer willfully causes an employee injury when

> (1) the … employer engages in an intentional act or omission, without just cause
> or excuse, that is reasonably expected to result in the injury suffered by the
> [employee]; (2) the … employer expects the intentional act or omission to result
> in the injury, or has utterly disregarded the consequences; and (3) the intentional
> act or omission proximately causes the injury.

*Delgado*, 34 P.3d at 1156.

The allegation that, due to Defendant's negligence, a green tub that was

supposed to be inside a stand injured Ms. Arrodondo implies an accident.  Therefore,

the WCA bars Ms. Arrodondo's negligence claim if Defendant satisfied the Act's

preconditions at the time of her injury.  It might very well be the case that Defendant

did so.  However, Plaintiffs' Complaint—which is the only item that the Court may

consider at this stage of proceedings—does not establish any such satisfaction.  For

example, the allegations therein show neither that Defendant had a certificate of the

requisite insurance on file with the Workers' Compensation Administration, nor that

Defendant employed three or more workers.  Therefore, the WCA does not preclude the

Complaint from stating a claim for negligence on its face.

2.   *Mr. Lopez's Claims*

The Complaint fails to allege a claim for Mr. Lopez against Defendant.  It does not raise any explicit causes of actions for him.  Nor does it define Mr. Lopez's relationship to Ms. Arrodondo or any harm that he has sustained due to her injuries. *Cf. Wachocki v. Bernalillo Cnty. Sheriff's Dep't*, 265 P.3d 701, 703–04 (N.M. 2011) (recognizing a loss of consortium claim where a tort victim and her sibling are mutually dependent and it was foreseeable to the tortfeasor that the harm inflicted on the tort victim would damage the sibling relationship).  Nor does the Complaint explain what, if anything, Defendant did to Mr. Lopez, when Defendant did it, how Defendant's action or inaction harmed Mr. Lopez, and which of Mr. Lopez's rights Defendant violated.  Therefore, even when I construe the Complaint liberally, I cannot reasonably infer a claim for Mr. Lopez from its allegations.  *See Nasious*, 492 F.3d at 1163.

## III.    MOTION FOR REMAND

Plaintiffs have filed multiple documents that object to their Complaint's removal to this Court and request the Court to return their case to the Fifth Judicial District Court of Chaves County.  *See doc. 9* at 1–2, 4; *doc. 14* at 2; *doc. 16* at 4.  As Plaintiffs are *pro se*, the Court should CONSTRUE the earliest of these filings (*doc. 9*) as a motion to remand and DENY it.

28 U.S.C. § 1446 allows any defendant to remove any civil action from a state court to the U.S. district court for the district within which that action is pending if

certain temporal and procedural requirements are met.  28 U.S.C. § 1446.  28 U.S.C. §

1447(c) allows the plaintiff(s) in such an action to move the district court to remand the

action back to the state court from whence it came if there is a defect in its removal.  28

U.S.C. § 1447(c).  For remand "on the basis of any defect other than lack of subject

matter jurisdiction," the statute requires the motion to remand to "be made within 30

days after the filing of the notice of removal under section 1446(a)."  *Id.*  For remand

based on lack of subject matter jurisdiction, the statute allows the motion to be made

"any time before final judgment."  *Id.*

Plaintiffs forfeited remand based on any defects in Defendant's removal other

than lack of subject matter jurisdiction by waiting until January 20, 2021—forty-two

days after Defendant filed its notice of removal—to mail the Court their first filing

objecting to removal.  While Plaintiffs are *pro se*, they are subject to the same rules of

procedure as other litigants, *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841

(10th Cir. 2005), including the 30-day deadline for any motion to remand based on non-

jurisdictional defects in removal.

As for remand based on the absence of subject matter jurisdiction, remand on

this basis is improper here since the Court has subject matter jurisdiction over Plaintiffs'

Complaint pursuant to 28 U.S.C. § 1332(a).  This statute gives "district courts … original

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value

of $75,000, exclusive of interests and costs, and is between … citizens of different

States." *Id.* The diversity of citizenship required is complete diversity: "the citizenship of each plaintiff [must be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Only the parties' diversity of citizenship is in dispute. Since Defendant is the removing party, it must establish by a preponderance of the evidence that the parties were not citizens of the same state at the time this case was filed in state court. *See Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003); *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014); *Penteco Corp. Ltd. P'ship–1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). As individuals, Plaintiffs' citizenship for diversity purposes is their domicile, i.e., the last state in which they physically resided with intent to remain. *Middleton*, 749 F.3d at 1200. As a corporation, Defendant's citizenship for these purposes is "every State and foreign state by which it has been incorporated and . . . the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). In its notice of removal, Defendant asserts that Plaintiffs were citizens of New Mexico when this suit was filed and that it "is a Colorado corporation with its principal place of business in Denver, Colorado." *Doc. 1* at ¶¶ 13–15. Plaintiffs claim the latter assertion is false, *doc. 14* at 2, but introduce no evidence that challenges it, let alone suggests that Defendant is incorporated by or has its principal place of business in the State of New

Mexico.[2]  Accordingly, Defendant's assertions discharge its burden of establishing that

the Court has diversity jurisdiction, making remand for want of subject matter

jurisdiction improper.[3]

## IV.  MOTION FOR DEMAND OF LICENSE AND BOND

Plaintiffs demand that the Court order Defendant's counsel to provide them with

"a copy of there [sic] Bond and attorneys license."  *Doc. 16* at 2.  Plaintiff does not cite to

any legal authority in support of his demand.  Furthermore, as noted by Defendant, *doc.

17* at ¶ 2, proof of its counsels' licensure is publicly available at the State Bar of New

Mexico's Online Directory.  *See Online Bar Directory*, State Bar of New Mexico,

https://www.sbnm.org/For-Public/I-Need-a-Lawyer/Online-Bar-Directory (search Last

Name field for "Roberts" and search First Name field for "Bayard"); *id.* (search Last

---

[2] Rather than crying fraud but producing no evidence, Plaintiffs would have done well to consult publicly available resources, such as Defendant's website and the business search utility at the website for the New Mexico Secretary of State's Corporations and Business Services (https://portal.sos.state.nm.us/BFS/online/corporationbusinesssearch), for information about Defendant's corporate citizenship.  Indeed, Federal Rule of Civil Procedure 11(b) may have even demanded that they do so.  This rule provides that, by filing a document in this Court, Plaintiffs are certifying to the Court that, to best of their knowledge, information, and belief, formed after a reasonable inquiry, the factual contentions and denials of such contentions therein have evidentiary support. Fed. R. Civ. P. 11(b)(3)–(4). Violating this rule is grounds for sanctions.  Fed. R. Civ. P. 11(c).  While I do not order Plaintiffs to show cause as to why they should not be sanctioned for filing documents that appear to lack evidentiary support, they are now clearly on notice of their obligations under Federal Rule of Civil Procedure 11(b).
[3] In their filings, Plaintiffs request that, in the alternative to remand, the Court preside over their case in Chaves County.  *See doc. 14* at 2, *doc. 16* at 4. Plaintiffs are advised that the Court has a courthouse at 500 N. Richardson, Roswell, New Mexico 88201 where it has the discretion to preside in person over a trial when and if the case reaches that stage of proceedings. Given that a pretrial scheduling order has not yet been entered in this case, *see doc. 15*, any decision about the appropriate venue for trial is premature.

Name field for "DeBrine" and search First Name field for "Earl"). Therefore, the Court

should DENY Plaintiffs' motion for license and bond.

## V.    MS. ARRODONDO'S OMITTED SIGNATURES AND MR. LOPEZ'S APPARENT PRACTICE OF LAW

Almost every document that Plaintiffs have filed in this Court since the removal

of their Complaint has borne the signature of Mr. Lopez, but not that of Ms. Arrodondo.

*See doc. 8* at 12; *doc. 9* at 2; *doc. 16* at 6; *doc. 19* at 5. Rule 11(a) demands that parties' court

filings be signed by at least one attorney of record or the parties themselves if they are

proceeding *pro se*. Fed. R. Civ. P. 11(a); *Journey v. Norfolk Reg'l Ctr.*, 8:19CV434, 2020 WL

5094851, at *2 (D. Neb. Aug. 28, 2020) (unpublished). This signature requirement "helps

to ensure that pro se parties consent to the filing of documents on their behalf." *Journey*,

2020 WL 5094851, at *2 (citing *United States v. Brenton*, No. 8:04CR262, 2007 WL 3124539,

at *1-2 (D. Neb. Oct. 23, 2007) (unpublished)). "It is improper for a non-lawyer to sign

papers in place of, or to otherwise represent, parties other than themselves." *Id.* (citing

*Brenton*, 2007 WL 3124539, at *1, and 5A Charles Wright & Andrew Miller, *Federal*

*Practice and Procedure* § 1333 & n.15 (2004)); *see also United States v. Rivera*, No. CIV 14-

0579 JB/CG, 2015 WL 4042197, at *5 n.2 (D.N.M. June 30, 2015) (unpublished) ("[O]nly

an attorney may sign for another person."). Since Mr. Lopez has repeatedly declared

that he is not an attorney, *see doc. 9* at 1; *doc. 16* at 2; *doc. 19* at 2, the omission of Ms.

Arrodondo's signature from Plaintiffs' filings violates Rule 11(a).

This omission—coupled with Plaintiffs' Complaint not articulating any facts about or claims for Mr. Lopez, *see doc. 1-2* at 4, and Mr. Lopez repeatedly advocating on behalf of Ms. Arrodondo's claims, but not any that he may have, *see doc. 9* at 1–2, *doc. 16* at 4–5; *doc. 19* at 2, 4–5—suggests that Mr. Lopez may be unlawfully representing Ms. Arrodondo before this Court.  Non-attorneys like Mr. Lopez cannot represent or act on behalf of others in federal court.  *Kanth v. Lubeck*, 123 F. App'x 921, 922 n.1 (10th Cir. 2005) (unpublished); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986).  While Mr. Lopez has represented Ms. Arrodondo in state administrative proceedings as her power of attorney, *see doc. 12-1* at 1, 6–8, this power of attorney does not grant him the authority to do so here, *see Johnson v. Bank One N.A.*, 90 F. App'x 956, 957 (7th Cir. 2004) (unpublished) ("[A] power of attorney does not authorize its recipient to practice law." (citing *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997))).

In some of Plaintiffs' filings, Mr. Lopez cites to *Schware v. Bd. of Bar Exam'rs of the State of N.M.*, 353 U.S. 232, 238–39 (1957), for the proposition that the due process clause of the Fourteenth Amendment allows him to practice law in this Court without a license.  *Doc. 16* at 2; *doc. 19* at 3.  *Schware* does not stand for anything of the sort.  There, the Supreme Court held that while

> [a] State can require high standards of qualification, such as good moral character or proficiency in its law, before it admits an applicant to the bar…[,] officers of a State cannot exclude an applicant when there is no basis for their finding that he fails to meet these standards, or when their action is invidiously discriminatory.

*Schware*, 353 U.S. at 239.  Since Mr. Lopez does not wish to join a state bar, *doc. 19* at 3,

*Schware* is utterly inapplicable to his situation.

As Mr. Lopez cannot represent Ms. Arrodondo in this Court, the omission of her

signature from Plaintiffs' filings is grounds for striking them.  *See* Fed. R. Civ. P. 11(a).

However, since the purpose of the Federal Rules of Civil Procedure, and Rule 11 in

particular, is "to secure the just, speedy, and inexpensive determination of every action

and proceeding," Fed. R. Civ. P. 1; *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384,

393 (1990), and the omitted signature has not prejudiced Defendant, *see United States v.*

*Kasuboski*, 834 F.2d 1345, 1348 (7th Cir. 1987), I will not direct Plaintiffs to cure their

filings and strike them if they fail to do so.  Moving forward, though, Plaintiffs are

advised that Ms. Arrodondo must represent herself and sign her filings or find an

attorney to do so.  Any future filings by Plaintiffs that omit her signature will be struck

if the omission is not timely cured after receipt of notice.[4]

## VI.    CONCLUSION

For the reasons explained above, I RECOMMEND that the Court GRANT

Defendant's motion to dismiss, DISMISS Plaintiffs' Complaint WITHOUT PREJUDICE,

and PROVIDE Plaintiffs with leave to file an Amended Complaint within thirty (30)

---

[4] Defendant asks the Court to take unspecified further action to prevent frivolous and vexatious filings by Plaintiffs.  *Doc. 17* at 5.  I believe that noticing Plaintiffs that the Court may sanction them under Rule 11 for frivolous filings, *see infra* at 14 n.2, is sufficient to deter additional filings of this nature. If Defendant feels otherwise, it may move the Court for more specific relief.

days after which the Court's dismissal of their Complaint convert to one with prejudice if no Amended Complaint is filed.  I FURTHER RECOMMEND that the Court CONVERT Plaintiffs' letter objecting to removal (*doc. 9*) into a motion for remand and DENY it and DENY Plaintiffs' motion for demand of license and bond.

Mr. Lopez is also ORDERED to cease and desist from representing Ms. Arrodondo before this Court.  To the extent that the operative complaint raises claims for him against Defendant, he may represent himself.  He cannot, however, advocate on behalf of Ms. Arrodondo.  She must represent herself or obtain counsel to do so.

_____

GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**