IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VICTORIA ARRODONDO and
ABELINO LOPEZ,

   Plaintiffs,

vs.                     No. CIV 20-1277 MV/GBW

LEPRINO FOODS CO.,

   Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 20), recommending that the Court grant Defendant Leprino Foods Co.'s Motion to Dismiss for Failure to State a Claim (Doc. 5), convert Plaintiffs' letter (Doc. 9) into a motion for remand and deny it, and deny Plaintiffs' motion for demand of license and bond (Doc. 16).

This case arises from Ms. Arrodondo's alleged wrongful termination and workplace injury. *See generally* Doc. 1-2. After Defendants removed the case to this Court and filed a motion to dismiss, *see* Docs. 1, 5, the Court referred it to the Magistrate Judge to conduct hearings and perform legal analysis pursuant to 28 U.S.C. § 636(b)(1)(B), (b)(3) and *Virginia Beach Federal Saving & Loan Association v. Wood*, 901 F.2d 849 (10th Cir. 1990), *see* Doc. 18. On August 16, 2021, the Magistrate Judge filed his PFRD recommending dismissing Plaintiffs' Complaint and denying their converted motion to remand and their request for the license and bond of Defendant's counsel.  Doc. 20.  While the copy of the PFRD sent to Ms. Arrodondo was returned as

undeliverable on August 27, 2021, *see* doc. 21, both she and Mr. Lopez filed a response on August 30, 2021, doc. 22.

28 U.S.C. § 636(b)(1)(C) allows any party to file objections to a magistrate judge's PFRD within fourteen days of being served with it and requires the Court to "make a de novo determination of those portions … to which objection is made." 28 U.S.C. § 636(b)(1)(C). "[A] party's objections to the magistrate judge's [PFRD] must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). To be specific, an objection must "focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* The failure to file specific objections waives the right to de novo review by the district court and appellate review. *Id.* at 1059–60; *Thomas v. Arn*, 474 U.S. 140, 149–150 (1985).

Plaintiffs' response, even when construed liberally, does not object to the Magistrate Judge's recommended dispositions for Defendant's motion to dismiss, Plaintiffs' converted motion to remand, or Plaintiffs' motion for disclosure of Defendant's counsel's license and bond. It does not challenge the Magistrate Judge's interpretation of the allegations in Plaintiffs' Complaint, his finding that these allegations were insufficient to state a claim for wrongful termination or negligence, or his finding that Defendant had established the parties' diversity of citizenship. *See generally* Doc. 22. Rather, it disputes the Magistrate Judge's admonishment to Mr. Lopez to cease and desist from representing Ms. Arrodondo before this Court, insists that the Court must help Plaintiffs litigate their case, and provides various exhibits about Ms. Arrodondo's alleged wrongful termination and injury. *See* Doc. 22. Nevertheless, the Court has decided *sua sponte* to conduct a *de novo* review of the Magistrate Judge's findings in this case. *See 2121 E.*

*30th St.*, 73 F.3d at 1061. The Court hereby concurs with all of the factual and legal conclusions recited therein.

As for Plaintiffs' insistence that Mr. Lopez may represent Ms. Arrodondo as her "next of friend," *see* Doc. 22 at 1 (citing Fed. R. Civ. P. 17), Rule 17 allows for no such legal representation. Rather, it allows Mr. Lopez to act as a plaintiff on Ms. Arrodondo's behalf in that capacity (e.g., as the sole plaintiff in a lawsuit in which she is not joined) if Ms. Arrodondo is a minor or incompetent. *See* Fed. R. Civ. P. 17(c). To do so, though, Mr. Lopez himself *must* be represented by an attorney. *See Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (holding that "under Fed. R. Civ. P. 17(c) …, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney"); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("[T]he competence of a layman is clearly too limited to allow him to risk the rights of others." (internal quotation marks and citation omitted)); *McConnell v. Bd. of Cnty. Comm'rs for Cnty. of Rio Arriba*, CV 09-522 MCA/WPL, 2009 WL 10706705, at *2 (D.N.M. Dec. 31, 2009) (unpublished) ("It is not in the interests of … incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may fully be protected." (internal brackets omitted) (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d. Cir. 1990))).

As for Plaintiffs' insistence that "[i]t is the duty of the court to protect the liberties of the people who are not well verse[d] in the administration of the courts," (Doc. 22 at 3), the Court is doing so here by dismissing their Complaint with leave to amend. *See Platsky v. Cent. Intel. Agency*, 953 F.2d 26, 28 (2d. Cir. 1991) (holding that a district court should not have dismissed a pro se plaintiff's complaints without affording him leave to replead). Plaintiffs may, if they wish, incorporate the exhibits that they attached to their objections in their Amended Complaint. *See*

Fed. R. Civ. P. 10(c). Before they file an Amended Complaint, they are encouraged to consult the Court's pro se guide[1] and the resources therein for complaint preparation and obtaining legal representation.

Wherefore, IT IS HEREBY ORDERED that the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 20) are **ADOPTED**. Defendant Leprino Foods Co.'s Motion to Dismiss for Failure to State a Claim (Doc. 5) is **GRANTED**; Plaintiffs' letter objecting to removal (Doc. 9) is **CONSTRUED** as a motion to remand and **DENIED;** and Plaintiffs' Motion for Demand of License and Bond is **DENIED**. Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE** to the filing of an Amended Complaint within thirty (30) days of this order. If no such Amended Complaint is filed, the Court shall convert its dismissal into one with prejudice.

IT IS FURTHER ORDERED that the Clerk of Court shall mail Plaintiffs a copy of the Complaint for a Civil Case (Form Pro Se 1) when serving them with this order.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**

---

[1] This guide is available on the Court's website at https://www.nmd.uscourts.gov/representing-yourself-pro-se.